UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROOSEVELT TRUVILLION,<br><br>        Plaintiff,<br>    v.<br><br>SEATTLE POLICE DEPARTMENT,<br><br>        Defendant. | CASE NO. 2:25-cv-00874-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

This case arises from Plaintiff Roosevelt Truvillion's claims regarding the Seattle Police Department's alleged failure to investigate a purported hate crime. *See generally* Dkt. No. 5 (Complaint). This matter is before the Court on its own motion. Having reviewed Plaintiff's Complaint (Dkt. No. 5), the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to file an amended complaint.

On May 9, 2025, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP status was granted, but U.S. Magistrate

1 | Judge Brian A. Tsuchida recommended review under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4.
2 | Plaintiff's Complaint was subsequently filed on the docket. Dkt. No. 5.
3 |       The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute,
4 | the Court must dismiss a case if the IFP plaintiff fails to state a claim upon which relief may be
5 | granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th
6 | Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by
7 | prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28
8 | U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil
9 | Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014)
10 | (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual
11 | allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*,
12 | 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must provide sufficient factual details in the
13 | complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550
14 | U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se* (without an attorney), courts must
15 | construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir.
16 | 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not
17 | supply essential elements of the [*pro se*] claim that were not initially pled." *E.g.*, *Henderson v.
18 | Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation
19 | omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019)
20 | ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*,
21 | 809 F.2d 1446, 1448 (9th Cir. 1987))).
22 |       Here, Plaintiff's Complaint lacks sufficient factual detail to plausibly state a claim.
23 | Plaintiff specifically asserts federal question jurisdiction under 42 U.S.C. § 1983, which allows
24 | claims alleging the "deprivation of any rights, privileges, or immunities secured by the

Constitution and [federal laws]." Plaintiff claims, without providing any supporting details, that Defendant "fail[ed] to serve and protect" and "discriminated." Dkt. No. 5 at 5. However, Plaintiff does not provide any factual details as to this alleged action (or inaction) by Defendant other than the bare assertion that Defendant did not investigate "serious hate crime and death threats." Dkt. No. 5 at 6. *See generally* Dkt. No. 5. Without additional factual details, Plaintiff's conclusory statements are insufficient to state a claim for relief.

To state a plausible claim for relief in federal court, a Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* Here, Plaintiff's assertion that Defendant failed to investigate hate crimes and death threats is insufficient—Plaintiff must, at minimum, explain what alleged hate crimes occurred, what notice Defendant had of the crimes, and any facts available to Plaintiff demonstrating that Defendant failed to investigate such crimes. The Court, therefore, FINDS that Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983. For this reason, the Court must dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court will therefore GRANT Plaintiff leave to file an amended complaint in this case that sufficiently "pleads factual content," *Iqbal*, 556 U.S. at 672, to state a plausible claim for relief. If Plaintiff fails to file an amended complaint by the deadline or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

The Court also notes that in Plaintiff's original complaint, he checked the "no" box in response to the question "Have you brought any other lawsuits in any federal court in the United

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 3

States?" Dkt. No. 5 at 3. In signing the original complaint, Plaintiff certified that under Federal Rule of Civil Procedure 11, his factual contentions—including his assertion that he has not filed any other lawsuits in any federal court—have evidentiary support. Dkt. No. 5 at 7. However, Plaintiff has filed at least four prior cases in the Western District of Washington. *See Truvillion v. Commissioner of Social Security*, No. C18-1450 (W.D. Wash.); *Truvillion v. King Elec. Mfg. Co.*, No. C19-2071 (W.D. Wash.); *Truvillion v. Comm'r of Soc. Sec.*, No. C25-225 (W.D. Wash.); *Truvillion v. Target Grocery Store*, No. C25-769 (W.D. Wash.). The Court cautions Plaintiff that any future filings must comply with Rule 11.

Accordingly, this case is DISMISSED without prejudice. However, the Court GRANTS Plaintiff leave to amend his complaint within **30 days** of this Order. Therefore, any amended complaint is due by **July 3, 2025. If Plaintiff fails to file an amended complaint by July 3, 2025, his case** SHALL **be dismissed.**

Dated this 3rd day of June 2025.

Tana Lin
United States District Judge